**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AFFINITY LABS OF TEXAS, LLC.,**<br><br>　　**Plaintiff,**<br><br>　　vs.<br><br>**BLACKBERRY LIMITED f/k/a RESEARCH IN MOTION LIMITED,** *et al.***,**<br><br>　　**Defendants.** | **Case No.: 14-CV-3031-YGR**<br><br>**ORDER GRANTING DISMISSAL** |

    Defendants Blackberry Limited and Blackberry Corporation ("Blackberry") move, pursuant to Rules 12(c) and/or 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the instant action. Blackberry's motion indicates that all claims of U.S. Patent No. 8,532,641 that Affinity Labs of Texas, LLC ("Affinity") asserted against it have been found invalid by the Patent Trial and Appeal Board ("PTAB") in a final written decision. Affinity exhausted all appeals and the PTAB's decision invalidating these claims was not overturned or altered in any manner.

    The essence of motion focuses not on whether a dismissal should issue, but the scope of the dismissal. Blackberry contends that the action should be dismissed with prejudice, except that its claims, defenses, or counterclaims against Affinity should be dismissed without prejudice.[1] Affinity would not stipulate to such a dismissal insisting instead that the dismissal should be contingent upon Blackberry's agreement that claims *not* asserted in this action are "valid and enforceable" and that

---

[1] Affinity did not object to the dismissal of Blackberry's claims, defenses, or counterclaims without prejudice.

Affinity may sue Blackberry on those claims separately.[2] Blackberry refused protesting that such contingencies effectively would require Blackberry to waive future defenses or counterclaims. At the same time, Blackberry argues that the dismissal should not be limited "unfairly" to the claims Affinity asserted in its Infringement Contentions herein, but should dismiss all claims of the '641 patent. (Reply at 1:14-25.)

Since the filing of the instant motion, Affinity filed a new action asserting different claims of the '641 patent from those invalidated by the PTAB's decision. Affinity Labs concedes that the present suit should be dismissed. Affinity Labs contends that the dismissal herein should not leave ambiguous the status of the claims of the '641 patent not asserted herein.

The Amended Complaint in this action, filed on May 14, 2014, is the operative complaint. (Dkt. No. 66.) The Amended Complaint attached and incorporated Affinity's Infringement Contentions for the '641 patent. (*Id.* ¶ 33, Exh. B.) The Court finds that the dismissal of the action herein, based upon the PTAB's decision invalidating all claims asserted in the Infringement Contentions, as incorporated into the Amended Complaint, is limited to those claims. To the extent that Blackberry contends other factual circumstances, not apparent from the face of the operative complaint, warrant preclusion of a separate action alleging other claims of the '641 patent were infringed by Blackberry, it is free to so argue in that action. *Cf. Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) (vacating dismissal of entire patent as invalid where the complaint alleged infringement of "one or more claims" but was narrowed subsequently to particular, limited claims); *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (no formal dismissal or stipulation is required to remove patent claims no longer in the litigation, and "[t]he scope of any judgment should conform to the issues that were actually litigated").

The motion to dismiss is **GRANTED** with respect to claims 1-3 and 5-14 of the '641 patent, the claims alleged in the Amended Complaint and actually litigated here. Affinity's complaint for

---

[2] Blackberry argues that Affinity insisted on the inclusion of the following in the contemplated joint stipulation for dismissal: (1) that "unasserted claims 4, and 15-20 of the '641 patent remain valid and enforceable"; and (2) that "[t]his Joint Motion to Dismiss is without prejudice to Plaintiff's ability to assert previously unasserted claims of the '641 patent that remain valid and enforceable [, and] the parties agree that Plaintiff may later sue Defendants on the previously unasserted claims of the '641 patent."

infringement of these patent claims is dismissed with prejudice. Given the lack of any objection, the Court dismisses Blackberry's claims, defenses, or counterclaims without prejudice

This terminates Docket No. 151.

**IT IS SO ORDERED**.

Dated: July 5, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**